UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
**RICHARD S. HOFFMAN, JR. (#RH-9353)**
**HOFFMAN DiMUZIO**
**A Partnership of Professional Corporations**
412 Swedesboro Road
Mullica Hill, New Jersey 08062
(856) 803-5800
Attorneys for Debtors

| | |
|---|---|
| In Re: | Case No.: 22-16349 |
| SHARON L. WILSON | Chapter: 13 |
| Debtor | Judge: ABA |

# CERTIFICATION OF COUNSEL REGARDING
# SUBMISSION OF DOCUMENTS AND MONIES BY THE DEBTOR

I, Richard S. Hoffman, Jr., Esq., hereby certify as follow:

1. I am the attorney for the Debtor, Sharon L. Wilson, in the above-referenced matter.

2. This Court held an Order to Show Cause hearing on January 10, 2024 relative to potential findings of bad faith.

3. Later that same day, I contacted Ms. Wilson to explain the situation to her and explain that she needed to forward the non-exempt proceeds of the sale of real estate to the Trustee immediately.

4. Ms. Wilson explained that she had been out of work and on worker's compensation, which she had not stated to me at any prior date, for "a few months."

5. Further, she stated that she had spent a "good amount" of the proceeds of the sale because of the loss of income, and she didn't have enough on hand to send to the trustee. I advised her at that time to pay the trustee as much as she possibly could, up to the non-exempt amount of $8,506.40, and to provide proof to my office once the payment was sent.

6. I also advised her that we would be receiving a Request for Documents from the trustee soon, and advised her that, while I wasn't certain at that time exactly what documents would be requested, I was fairly certain the Trustee would subpoena her bank statements, so she should provide those as soon as possible from the date of the sale to present.

7. On January 23, 2024, I received the Trustee's demand for Production of Documents.

8. The documentation was emailed and mailed to Ms. Wilson the same day with a letter requesting that Ms. Wilson contact my office immediately to schedule an appointment to review the case and any documents she would need to provide. I followed up with her on January 29, 2024 and February 1, 2024 before reaching her and scheduling an appointment in my office for February 7, 2024.

9. At that meeting, I again stressed the importance of providing documentation and, perhaps more importantly, making the payment to the Trustee. Ms. Wilson again said she was struggling and would "get it in soon".

10. Ms. Wilson also showed me her bank balance on her phone at that appointment, showing a current balance of over $12,000.

11. On February 14, 2024, I emailed Ms. Wilson with a specific list of documents and information that she needed to provide because I did not have access.

12. On February 21, 2024, I attempted to reach Ms. Wilson to follow up but was unable to reach her.

13. On February 27, 2024, I finally reached Ms. Wilson who advised that "the information was sent to John Ciocco (the attorney from my office who represented her in the real estate transaction) earlier this month". She also advised that the signed certification of the accounting of the proceeds of the sale was being sent back to me the next day.

14. I left a voicemail with Mr. Ciocco that same day requesting confirmation and

clarification on what had been sent.

15. He responded the following day stating that Ms. Wilson had not sent him anything. The one action she had taken was to forward my February 14, 2024 email (paragraph 11) to Mr. Ciocco on February 24, 2024 with no other commentary from Ms. Wilson.

16. Due to an illness which I disclosed to the Trustee, I was out of the office for roughly 3 days from late in the day on February 27, 2024 through March 1, 2024.

17. On March 1, 2024, Ms. Wilson again emailed me to say that she had sent everything to Mr. Ciocco and copied a screenshot of the same prior email that she had forwarded (paragraph 11 and 15).

18. I was able to call Ms. Wilson by phone on March 2, 2024. I again explained what documentation was still missing and that she had to get those to me within 24 hours.

19. That documentation was forwarded to me on March 3 and March 4, 2024.

20. All documentation that I was able to submit, including the late delivered documents, was printed and delivered by hand to Mr. Finberg in his office on March 4, 2024.

21. I explained at that meeting that Ms. Wilson had just submitted bank statements to me by email and I would forward those upon return to my office that afternoon, which I did.

22. On March 5, 2024, I received an email from Ms. Stanley at the trustee's office requesting one additional document – another bank statement from Ms. Wilson – and once again detailed the current amount Ms. Wilson must pay to the Trustee.

23. I forwarded the same to Ms. Wilson that same day and contacted her by phone. She said she would "get those over right away" and asked for clarification on the amount due regarding my attorney fees. I explained that, once the money was paid and the trustee's request was fully completed, I would be submitting paperwork with the court to waive or withdraw any and all fees in the case as I believed it would be in the best interest of getting the case resolved.

24. I followed up with Ms. Wilson again on March 8, 2024, but was unable to reach

her.

25. I followed up with Ms. Wilson again on March 11, 2024, but was unable to reach her.

26. I followed up with Ms. Wilson again on March 12, 2024 and was able to speak with her. She sent over the bank statement that day, which was forwarded to Mr. Finberg. She also advised that she would be bringing the certified funds to the trustee directly in their Cherry Hill office the next day. She stated that she would be a little bit short of the $8,506.40, but would not tell me exactly how much she was paying.

27. Ms. Wilson contacted my office the next day, March 13, 2024, to state that she was unable to reach anyone at the trustee's office before taking the check there, so she instead dropped the check off at the Hoffman DiMuzio office located in Woodbury, New Jersey. I advised her I do not work out of that office and would not be there, but that I would prepare an overnight FedEx to the Trustee and have the staff in the Woodbury office send it out immediately. Ms. Wilson still would not confirm with me the amount of her check at that time.

28. The check was received around 1:30pm on March 13, 2024, and staff immediately took the check to Fedex for mailing. Proof of the same was sent to Mr. Finberg by mail.

29. At this point, I was in an unrelated court hearing. Upon return to the office, I received the scan of the check submitted by Ms. Wilson totaling just $5,500.00.

30. I understand that the check submitted by Ms. Wilson is $3,006.40 less than is required. I also understand the legal ramifications for Ms. Wilson if she does not repay the required amount to the Trustee.

31. I advised Ms. Wilson in writing, in person, and by phone on at least five separate occasions of the amount she owed and that, legally, she was required to pay that full amount to the Trustee.

32. As Ms. Wilson's counsel, I am hopeful that, with the waiver of my attorney fees

that are currently scheduled to be paid through the plan, we are able to reach a resolution with the Trustee and the Court that is satisfactory.

33.   As stated in Ms. Wilson's certification to the trustee regarding the accounting of the proceeds that was submitted as part of the subpoena, Ms. Wilson does appear prepared to begin making monthly payments to the trustee as they were originally scheduled. I cannot speak to any other possible repayment solutions on behalf of Ms. Wilson at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:   3/14/2024                                /s/ Richard S. Hoffman, Jr., Esq.
                                                  Richard S. Hoffman, Jr., Esquire
                                                  Attorney for Debtor
                                                  Sharon L. Wilson