# *Office of the Chapter 13 Standing Trustee*

## Andrew B. Finberg, Chapter 13 Standing Trustee

Joni L. Gray, Counsel
Jennifer R. Gorchow, Staff Attorney
William H. Clunn, III, Staff Attorney

Lu'Shell K. Alexander*
Jennie P. Archer*
Kelleen E. Stanley*
Kimberly A. Talley*

*Certified Bankruptcy Assistant

June 10, 2024

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

    RE:    **Chapter 13 Bankruptcy**
             **Case No. 22-16349ABA)**
             **Debtor(s) Name: Sharon L. Wilson**

Dear Judge Altenburg:

      Please accept this letter in lieu of a more formal certification concerning the plenary hearing scheduled for June 17, 2024.

      In efforts to assist the Court, the following is provided to summarize these proceedings to date. An Order Granting Motion to Sell Property was entered On November 21, 2023 (docket #78), The aforementioned Order allowed Debtor her claimed exemption ($13,032.42) from the sale proceeds, with any remaining balance to be paid to the Chapter 13 Trustee. In that the case had not been previously confirmed, the Trustee executed a Deed to convey title on November 22, 2023. Thereafter, no information was provided regarding sale status over the next several weeks.

      With the case scheduled for a 9th listing for confirmation (January 10, 2024), The Trustee's Office, on January 8, 2024, inquired, through Debtor's counsel, as to the status of the previously approved sale. Originally, Debtor's counsel advised that the sale had not taken place and that the matter could be recommended for Dismissal on January 10, 2024. Thereafter, the Trustee's Office conducted additional inquiries and was able to ascertain that the sale had in fact taken place. Furthermore, and of the utmost concern, the Trustee's Office was able to discern that all sale proceeds went to the Debtor. These circumstances were detailed in the Trustee's Certification in Support of The Trustee's Findings of Bad Faith dated January 8, 2024 (Docket #80). As a result, the Court issued an Order to Show Cause, scheduling a plenary hearing for April 4, 2024, and setting dates for discovery (Docket #82).

      After a thorough review of the documentation provided, and subsequently conducting depositions, of both Debor and Debtor's counsel, it appears evident that mistakes were made in the administration of the case as well as the handling of the real estate closing. However, the Trustee respectfully submits that these errors can be remedied without in a manner that protects creditors and avoids further utilization of the Court's time. In efforts to resolve this matter, and avoid the necessity of a plenary hearing, the summation below provides the Trustee's findings and a proposed resolution to

these proceedings.

Attorney Richard Hoffman appeared for a deposition, before the Trustee, on Thursday, May 26, 2024. In so doing, counsel provided his account of the events leading up to the real estate transaction and the complications that ensued. Attorney Hoffman's responsiveness and candor signaled a willingness to accept responsibility for his firm's mishandling of some aspects of this matter. Counsel acknowledged errors at the time of the closing in addition to failures to communicate with both Debtor and the Standing Trustee's office. Attorney Hoffman stated, under oath, that he in no way sought to compromise this case and there were no intentional actions to either conceal or deceive. After extensive conversations and examination, the Trustee firmly believes Counsel's assertions that no deliberate actions were taken to deprive the estate of monies due.

The Debtor appeared, on her own, at the Trustee's office on May 7th, 2024. In addition to answering the Trustee's questions, Ms. Wilson remitted $5,500.00 of the original monies paid directly to her at closing. As with Attorney Hoffman, it appears to the Trustee that, although the actions of the Debtor were incorrect, the Debtor did not intentionally act to deceive the Court nor deprive her creditors of payment.

The Trustee respectfully proffers that an agreeable resolution would be for the Debtor to satisfy the remaining balance owed to timely filed claims. In efforts to assist with the completion of this case, and assure a prompt payoff to timely filed claims, Counsel has offered to waive the balance of his fee and subsequently executed a stipulation formalizing same. Therefore, a Modified Plan, that proposes 100% to any remaining balances, is in fact feasible. The Trustee would further suggest that if the Debtor fails to make the required plan payments and the case is dismissed, there would be a 180-day bar to future filing and/or an agreement that the remaining claims would be deemed non-dischargeable in a future bankruptcy filing.

The lone remaining issue, as outlined in the Trustee's Motion to Compel (docket #90), is that the circumstances of this case have created a potential conflict between Debtor and Debtor's Counsel. As such, if the proposed resolutions are satisfactory to the Court, the Trustee seeks guidance as to how parties should proceed administratively to ensure that the Debtor is sufficiently represented.

As always, please feel free to contact this office with any questions or concerns.

Respectfully submitted,
**OFFICE OF THE CHAPTER 13 STANDING TRUSTEE**

/s/ *Andrew B. Finberg*
Andrew B. Finberg
Chapter 13 Standing Trustee

cc:   Richard S. Hoffman, Esquire (Via email & ECF/CM)
      Sharon L. Wilson (Via First Class Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page 2 of 2